**MARILYN LUISI TARGIA, Plaintiff**

**v.**

**JOSEPH TARGIA, Defendant**

Civil No. 441-1971

District Court of the Virgin Islands

Div. of St. Croix

December 13, 1971

WARNER ALEXANDER, ESQ., Christiansted, St. Croix, V.I.,
*for plaintiff*

ISHERWOOD & COLIANNI, ESQS., Christiansted, St. Croix,
V.I., *for defendant*

YOUNG, *Judge*

MEMORANDUM OPINION ON INTERLOCUTORY MOTIONS

In this action for debt, there is a counter-complaint for a declaratory judgment and for other relief which makes it necessary to delve into the background. The parties were married in New York in 1948 and separated in 1964 pursuant to a written separation agreement, whereby Defendant agreed to pay to Plaintiff $25.00 per week for her lifetime or remarriage. Defendant further agreed to maintain for Plaintiff's benefit and coverage an accident and health insurance policy "in an amount equal to the schedules or sums that would be paid under the Husband's [defendant's] contracts or agreements with Blue Cross and Blue Shield in effect on November 1, 1964". The other terms of the separation agreement are not at issue here.

Defendant faithfully performed his obligations under the agreement until 1964 when he defaulted on his support

payments. Plaintiff then filed a petition pro se for support in the Family Court of New York, but, due to her failure to make the proper allegations, the judgment was reversed on appeal. In that same action, defendant sought to have the decree of divorce which he acquired in St. Thomas in 1966 recognized as a valid divorce. However, there was no determination made.

In the action sub judice, Plaintiff sues for support payments in arrears since January 4, 1971 and for insurance premiums which Defendant refuses to pay. Defendant has filed an answer admitting all of the allegations of the complaint, but also setting forth as an affirmative defense that Plaintiff breached the separation agreement by suing for support payments in arrears. He also has filed a counterclaim to recover personal property alleged to be in plaintiff's possession. A second count of the counter-complaint seeks to recover alleged overpayments on medical insurance premiums paid by defendant in excess of the premium rates prevailing as of November 1, 1964. Defendant also seeks a declaratory judgment to declare valid the decree of divorce heretofore obtained by him in this Court. Plaintiff has filed a motion for summary judgment on her complaint and moves to dismiss Defendant's action for declaratory judgment.

### SUMMARY JUDGMENT

Inasmuch as defendant has admitted in his answer all of the allegations contained in the complaint, summary judgment will issue for the amount of support payments in arrears. The Court finds no merit in defendant's affirmative defense that plaintiff breached the written separation agreement by bringing suit against defendant in 1964. The agreement provides that plaintiff may bring an action in court to enforce the payment of support monies. She also has the right to enforce that part of the agreement requir-

ing defendant to maintain and keep in effect an accident and health insurance policy with similar coverage to the one which protected plaintiff in 1964. The fact that the premiums have increased over the years is lamentable but not a defense. Summary judgment will likewise issue for the amount of the unpaid premiums. This leaves as an open issue the question of personal properties allegedly being withheld by plaintiff.

## DECLARATORY JUDGMENT

█ Defendant, as part of his counter-complaint, seeks to have this court declare valid the decree of divorce which he procured from this Court on May 31, 1966, wherein plaintiff [therein the defendant] was served by publication but did not answer or otherwise appear. This is an unorthodox request, to say the least, especially since there is no justiciable controversy over the decree before the Court. Plaintiff, in this action, is not contesting the validity of the divorce. This Court declines to bolster its own prior judgment by a judicial declaration, contest or no contest.

## ATTORNEYS FEES PENDENTE LITE

█ Plaintiff has asked for attorney's fees pendente lite and has submitted a bill of costs indicating 16 1/2 hours total time to date, at a cost of $50.00 per hour, or a total of $825.00. Plaintiff's memorandum is not dispositive of the issue inasmuch as the Virgin Islands Code section cited by plaintiff deals only with a situation where there is a marriage and wherein one or both of the parties is seeking to sever that marital relationship. In this action, the parties are already divorced, they are no longer husband and wife. This action is one for debt to recover monies due under a written separation agreement. This action does not have the hue of a marital controversy, save for defendant's unsuccessful prayer to have this Court declare valid its own

prior decree of divorce. Sections 541 (Title 5) and 108 (Title 16) do not meet the situation of plaintiff's interlocutory request for attorney's fees pendente lite and such motion will be denied. In the final disposition of this action, attorney's fees may be awarded as part of costs to the prevailing party pursuant to 5 V.I.C. 541(b).